## MEDLEY v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2731.   Decided Feb 4, 1937

Wardlaw & Gertner, Columbus, and L. P. Henderson, Columbus, for appellant.

Claude J. Bartlett. Prosecuting Attorney, Columbus, and Joseph L. Bowman, former Asst. Pros. Atty., Columbus, for appellee.

### OPINION

By BARNES, J.

The above entitled cause is in this court on plaintiff's appeal on questions of law. The plaintiff, Leona Medley, is the widow of Arthur Medley and at the time of his decease, together with their daughter Maxine, aged eleven years, were wholly dependent on said decedent.

On the 25th day of May, 1933, the said

Arthur Medley was employed by Boyajohn & Barr, Inc., under a contract of hire; the said Boyajohn & Barr, Inc., had complied at all times mentioned with the provisions of the Workmen's Compensation Law of Ohio whereby his employees and the dependents of killed employees were entitled to the benefit of said fund. On the 25th day of May, 1933, the deceased was working on the premises of the Washington Brewing Company located at Perry Sreet and First Avenue in the City of Columbus, upon which premises the employer was doing the work of constructing a brick addition. The deceased's employment was that of a hod carrier. The brick construction had progressed up to the second story. Mr. Medley as a hod carrier was engaged in carrying brick up a ladder to the second story. In the afternoon of this day about four o'clock, just as he had taken a hod of brick up to the second story he collapsed from a heat stroke. First aid was rendered and shortly thereafter he was taken to the hospital where he died the same day.

The pile of brick on the ground was located something like fifteen feet from the building and after filling the hod with brick and carrying them to the ladder he would pass a mortar mixer which was operated by a motor, the motor being cooled by radiator somewhat similar to the ones used on automobiles. Plaintiff's contention is based on the claim that the added heat from the motor on this mortar mixer was a contributing cause of his subsequent heat stroke. The testimony disclosed that it was a very hot day, a temperature registering 83.

At the close of plaintiff's testimony the defendant interposed a motion for directed verdict which was overruled. The motion was renewed at the close of all the testimony and again overruled. The jury after receiving the charge of the court retired and in due time brought in a verdict for the plaintiff. Motion for new trial was duly filed and therein the court was again requested to enter judgment for the defendant. After hearing the trial court entered final judgment for the defendant. This procedure was authorized under the provisions of §11601, GC. After quoting the above section the trial court used the following language:

"In other words we may now properly consider whether or not we were in error in refusing to direct a verdict for the defendant at the conclusion of all of the evidence, being limited, however, to the determination of the question whether or not reasonable minds could reach different conclusions from the question in issue. However, we may not weigh the evidence."

We have examined the bill of exceptions with care and we arrive at the same conclusion as did the trial court.

The appeal of plaintiff on questions of law will be dismissed at her costs.

Exceptions will be allowed.

CRAIG, PJ, and HORNBECK, J, concur.